NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM (Cal. Bar No. 110984)
Assistant United States Attorney
Asset Forfeiture Section
    United States Courthouse
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-7177
    E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ONE 2016 ROLLS ROYCE DAWN CONVERTIBLE, ONE 2015 MCLAREN 650S SPIDER CONVERTIBLE, ONE 2014 MERCEDES-BENZ ML350 SUV, ONE 1993/1994 VESSEL NAMED "MADAME MUSIQUE" AND ONE NOVURANIA 15' TENDER,<br><br>    Defendants. | No. CV 18-02435<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>18 U.S.C. § 981(a)(1)(A) and (C)<br><br>[F.B.I.] |

    For its claim against defendants One 2016 Rolls Royce Dawn Convertible, One 2015 McLaren 650S Spider Convertible, One 2014 Mercedes-Benz Ml350 SUV, One 1993/1994 Vessel Named "Madame

Musique", and One Novurania 15' Tender (collectively, the "defendant assets"), the United States of America alleges as follows:

## JURISDICTION AND VENUE

1. The United States of America (the "government") brings this in rem forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

2. This court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant assets are One 2016 Rolls Royce Dawn Convertible, VIN: SCA666D51GU102189 and registered to Greenwich Music LLC, One 2015 McLaren 650S Spider Convertible, VIN: SBM11FAA2FW003555 and registered to Greenwich Music LLC, One 2014 Mercedes-Benz ML350 SUV, VIN: 4JGDA2EB5EA364304 and registered to Bernhard Fritsch (collectively, the "defendant vehicles"), One 1993/1994 Vessel Named "Madame Musique," Hull No. HATD4421394, and One Novurania 15' Tender, Hull No. PKD117766999 (collectively, the "defendant vessels"). The defendant vehicles were seized during the execution of a federal seizure warrant on or about September 6, 2017, at the Malibu, California residence of Bernhard Eugen Fritsch ("Fritsch"),[1]

---

[1] Pursuant to Local Rule 5.2-1, only the city and state of personal residences are set forth in this Complaint.

1 while the defendant vessels were seized during the execution of
2 a federal seizure warrant on or about September 22, 2017, at
3 Harbour Towne Marina, located at 801 Northeast Third Street,
4 Dania Beach, Florida.

5     6.    The defendant vehicles and defendant vessels are
6 currently in the custody of the United States Marshals Service,
7 either in this District (the vehicles) or in the Southern
8 District of Florida (the vessels), where they shall remain
9 subject to the jurisdiction of this Court during the pendency of
10 this action.

11     7.    The interests of Fritsch, StarClub, Inc. ("StarClub"),
12 Kaydee Kesterson ("Kesterson"), Danny Guy ("Guy"), Salida
13 Strategic Growth Fund S.A.R.L. ("Salida"), Harrington Global
14 Opportunities Fund S.A.R.L. ("Harrington"), Greenwich Music LLC
15 ("Greenwich Music") and Ian Mann ("Mann") may be adversely
16 affected by these proceedings.

17                       **FACTS SUPPORTING FORFEITURE**

18     8.    Fritsch was the Chief Executive Officer of StarClub.
19 StarClub purported to develop computer applications that
20 StarClub then markets to individuals and companies interested in
21 maximizing their social media influence. Beginning no later
22 than 2014 and continuing through August of 2017, Fritsch
23 operated a scheme to fraudulently induce investments in
24 StarClub. Fritsch has been charged with wire fraud by a federal
25 grand jury in this district. <u>United States v. Fritsch</u>, No. CR
26 17-00520-DSF.
27 ///
28

9. In order to induce the investments, Fritsch made representations, both in meetings with potential investors and in electronic communications, that included the following:

  A. Several entertainment companies and investment funds were on the verge of acquiring all or part of StarClub, or were planning commercial partnerships with StarClub;

  B. StarClub had generated $15 million in revenue in 2015; and

  C. StarClub had spent $90 million on technology development.

10. At the time Fritsch made these representations he knew they were false because:

  A. Entertainment companies and investment funds were neither on the verge of acquiring part or all of StarClub, nor planning commercial partnerships with StarClub;

  B. StarClub did not generate $15 million in revenue in 2015; and

  C. StarClub had not spent $90 million on technology development and had, in fact, spent far less.

11. In reliance on the representations described above, Salida and Harrington, which are companies owed by Guy, invested over $22 million with StarClub by transferring the monies to a checking account at JPMorgan Chase with the last four digits ending in '7995 (the "'7995 Account") and controlled by Fritsch. The transfers included $2 million transferred by Salida on January 24, 2014, $4.1 million transferred by Harrington on July

10, 2014, $2.8 million transferred by Salida on December 15, 2014, $7 million transferred by Salida on January 30, 2015, and $6 million transferred by Harrington on November 17, 2015.

12. In reliance on the representations described above, Mann invested in StarClub by transferring $1 million to the '7995 Account on January 25, 2016.

13. After StarClub received these funds, Fritsch transferred over $3 million of the invested funds from the '7995 Account to other accounts that he personally controlled, including JP Morgan Chase business checking account no. '6803 (the "'6803 Account"); JP Morgan Chase business checking account no. '4865 (the "'4865 Account"); JP Morgan Chase business checking account no. '6339 (the "'6339 Account"); and Wells Fargo business checking account no. '7568 (the "'7568 Account").

14. On or about January 21, 2015, Fritsch purchased the defendant One 2015 McLaren 650S Spider Convertible for $292,510 from McLaren Scottsdale, using $20,000 transferred from the '7995 Account to the '7568 Account on January 20, 2015; $20,000 transferred from the '7568 Account to McLaren Scottsdale; and $271,510 transferred from the '4865 Account to McLaren Scottsdale (via a law firm representing Greenwich Music) on January 30, 2015.

15. On or about August 18, 2016, Fritsch acquired the defendant One 2016 Rolls Royce Dawn Convertible for approximately $405,973.00 from Rusnak/Pasadena, using $50,000.00 transferred from the '7995 Account to the '6803 Account on August 1, 2016; $30,000.00 transferred from the '6803 Account to Rusnak/Pasadena on August 8, 2016; two payments totaling

$175,973 made by Fritsch to Rusnak/Pasadena on August 18, 2016 using an American Express Card No. '61004; $180,998.00 transferred from Account No. '4865 to American Express for the purpose of reducing the balance on Fritsch's American Express Card No. '61004; and $200,000.00 transferred from the '4865 Account to Rusnak/Pasadena.

16. On August 18, 2016, Fritsch purchased the defendant One 2014 Mercedes-Benz ML350 SUV for $42,154 from Rusnak/Arcadia, which is traceable to $200,000 transferred from the '7995 Account to the '6339 Account, with $42,154 then being transferred from the '6339 Account to Rusnak/Arcadia on or about August 22, 2016.

17. Kesterson opened JPMorgan Chase business checking account no. '6241 (the "'6241 Account") in 2010 for the purpose of paying for expenses associated with the defendant vessels. As of 2017, Kesterson (a former girlfriend of Fritsch) was the sole signatory on the '6241 Account.

18. Between January 1, 2014 and December 31, 2017, the '6241 Account received transfers of funds from accounts controlled by Fritsch, including a total of $182,960 from the '4865 Account. Other than transfers from the Fritsch-controlled accounts, the '6241 Account had no other source of significant deposits.

19. Over $80,000 of the funds transferred to the '6241 Account was used to pay vendors who provided maintenance, repairs and supplies relative to the defendant vessels. These vendors included Bradford Marine, Broward Shipyard, and Sam's Marine. A schedule of the significant payments made to the

6

1 vendors is attached hereto as Exhibit "A".

20. Based on the above, the government alleges that the defendant assets are traceable to violations of 18 U.S.C. § 1343 (wire fraud), rendering them subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

21. Based on the above, the government alleges that the defendant assets were involved in or traceable to transactions designed to conceal the nature, location, source, ownership or control of proceeds traceable to violations of 18 U.S.C. § 1343 (wire fraud) in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (money laundering), rendering them subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America prays:

(a)  that due process issue to enforce the forfeiture of the defendant assets;

(b)  that due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed;

(c)  that this Court decree forfeiture of the defendant assets to the United States of America for disposition according to law; and

///

///

7

    (d)   for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

```
DATED: March 26, 2018        NICOLA T. HANNA
                             United States Attorney
                             LAWRENCE S. MIDDLETON
                             Assistant United States Attorney
                             Chief, Criminal Division
                             STEVEN R. WELK
                             Assistant United States Attorney
                             Chief, Asset Forfeiture Section


                             /s/ Frank Kortum
                             FRANK D. KORTUM
                             Assistant United States Attorney

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA
```

# VERIFICATION

I, Gregory L. Austin, declare and say that:

1. I am a Special Agent with the Federal Bureau of Investigation.

2. I have read the attached Verified Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 26th day of March 2018 at Los Angeles, California.

GREGORY L. AUSTIN
Special Agent, FBI

# EXHIBIT "A"

EXHIBIT "A"

**Significant Vessel Expenses Paid from JPMorgan Chase Account '6241**

| Date | Amount | Vendor* |
|---|---|---|
| 4/15/2015 | $ 2,446.40 | Sam's Marine (Fort Lauderdale) |
| 4/22/2015 | $ 9,987.45 | Bradford Marine (Fort Lauderdale) |
| 8/24/2015 | $ 3,639.55 | The Marina at Atlantis (Nassau) |
| 2/25/2016 | $ 4,013.78 | J.S. Johnson & Company (Nassau) |
| 3/15/2016 | $ 2,320.34 | Lyford Cay Club (Nassau) |
| 3/21/2016 | $ 1,000.00 | Broward Shipyard (Dania) |
| 3/25/2016 | $ 3,985.97 | J.S. Johnson & Company (Nassau) |
| 3/28/2016 | $ 5,510.94 | Inflatable Services (Fort Lauderdale) |
| 3/31/2016 | $ 1,429.13 | Ward's Marine Electric (Fort Lauderdale) |
| 4/12/2016 | $ 14,481.17 | Broward Shipyard (Dania) |
| 4/26/2016 | $ 21,356.85 | Broward Shipyard (Dania) |
| 5/12/2016 | $ 6,350.94 | Broward Shipyard (Dania) |
| 6/7/2016 | $ 4,041.59 | J.S. Johnson & Company (Nassau) |
| 11/30/2016 | $ 1,412.46 | Central Machinery and Electric (Nassau) |

Total $ 81,976.57

* All vendors are located in either Florida or Nassau in The Bahamas.